**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

**November 3, 2022**

**Christopher M. Wolpert**
**Clerk of Court**

_____

UNITED STATES OF AMERICA,

    Plaintiff - Appellee,

v.

TEDRIC LEMAY SMITH,

    Defendant - Appellant.

No. 21-6012
(D.C. No. 5:19-CR-00412-F-1)
(W.D. Okla.)

_____

**ORDER AND JUDGMENT**[*]
_____

Before **MATHESON**, **CARSON**, and **ROSSMAN**, Circuit Judges.
_____

Tedric Lemay Smith pled guilty to one count of being a felon in possession of a

firearm and ammunition in violation of 18 U.S.C. § 922(g)(1). He was sentenced to 70

months in prison to be followed by three years of supervised release.

On appeal, he challenges his sentence, arguing the district court erred when it

found that his two prior Oklahoma drug convictions qualified as "controlled substance

offenses" under United States Sentencing Guideline § 4B1.2(b). The issue he presents is

_____

[*] After examining the briefs and appellate record, this panel has determined
unanimously that oral argument would not materially assist in the determination of
this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore
ordered submitted without oral argument. This order and judgment is not binding
precedent, except under the doctrines of law of the case, res judicata, and collateral
estoppel. It may be cited, however, for its persuasive value consistent with
Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

"Whether the definition of a 'controlled substance offense' in U.S.S.G. § 4B1.2(b)

requires the substance to be federally controlled." Aplt. Br. at 2.

This appeal was previously abated pending this court's decision in *United States v.*

*Patrick Jones*, No. 20-6112, which raised the same issue presented by this appeal.

- On October 19, 2021, this court entered a decision in favor of the government in *Patrick Jones*. It held that the definition of a "controlled substance offense" in U.S.S.G. § 4B1.2(b) does not require the substance to be federally controlled.

- On May 9, 2022, this court denied Mr. Jones's petition for rehearing and the petition for rehearing en banc.

- On October 3, 2022, the Supreme Court denied a petition for writ of certiorari.

*United States v. Patrick Jones*, 15 F.4th 1288 (10th Cir. 2021); *pet. for reh'g denied*,

32 F.4th 1290 (10th Cir. 2021); *cert. denied*, 22-5342, 2022 WL 4657048 (U.S. Oct. 3,

2022).

On October 11, 2022, this court asked the parties to file written responses

addressing the status of further proceedings in this appeal in light of the denial of

certiorari in *Patrick Jones*. In response,

- Mr. Smith said: "Mr. Smith concedes this Court's decision in *Jones* and the Supreme Court's subsequent denial of a petition for writ of certiorari in that matter forecloses Mr. Smith's argument in this appeal."

- The Government said: "[T]he decision in [*Patrick Jones*] is dispositive of the sole issue presented in this appeal, [and] the denial of certiorari in that case forecloses any further proceedings."

2

Based on the decision in *Patrick Jones* and the parties' foregoing responses, we affirm the district court's judgment and sentence. We direct the Clerk's Office to vacate oral argument set for November 18, 2022.

Entered for the Court

Per Curiam

21-6012, *United States v. Smith*

**ROSSMAN**, J., concurring.

This appeal asks whether the definition of a "controlled substance offense" in U.S.S.G. § 4B1.2(b) requires the substance to be federally controlled. The panel's decision in *United States v. Jones*, 15 F.4th 1288 (10th Cir. 2021), answered that question in our circuit. Invoking plain-language analysis, the *Jones* panel concluded a "controlled substance offense" in § 4B1.2(b) is not limited to federally controlled substances but includes substances controlled by state law. As the parties acknowledge, that holding compels affirmance here.

While I must concur in the disposition, I write separately to respectfully voice my continued disagreement with *Jones*. *See United States v. Jones*, 15 F.4th 1288 (10th Cir. 2021), *reh'g denied*, 32 F.4th 1290 (10th Cir. 2022) (Rossman, J., dissenting). *Jones* cannot be squared with the purpose of the Guidelines; the categorical approach; the longstanding requirement of national uniformity in federal sentencing law; and the presumption that federal, not state, standards define federal sentencing provisions. Not surprisingly, as demonstrated by this case and others like it, the issue in *Jones* recurs regularly—and so does our mistaken resolution of it.[1]

---

[1] A survey of case law in our circuit reveals the widespread impact of *Jones*. *See United States v. Mask*, No. 21-6076, 2022 WL 3041102, at *1 (10th Cir. Aug. 2, 2022) ("Petitioner recognizes our holding in [*Jones*] forecloses his argument, but appeals '[i]n the event the law changes.'"); *United States v. Babcock*, 40 F.4th 1172, 1176 n.2 (10th Cir. 2022) ("Defendant concedes that this argument has since been resolved to the contrary in [*Jones*], which held that the guidelines do not limit controlled substances to only those substances so defined under federal law."); *United States v. Blattel*, No. 21-8018, 2022 WL 2062461, at *2 n.1 (10th Cir. June 8, 2022) ("Mr. Blattel concedes that this issue is now foreclosed by our decision in [*Jones*], which was filed shortly after

The circuits remain divided on the consequential question decided in *Jones*,[2]

resulting in significant and unwarranted sentencing disparities based essentially on the

---

his opening brief."); *United States v. Nichols*, No. 20-6198, 2022 WL 1569129, at *3 (10th Cir. May 18, 2022) ("We first reject Nichols's argument that the definition of 'controlled substance' in U.S.S.G. § 4B1.2 is limited to the federal definition in the Controlled Substances Act (CSA), and therefore his Oklahoma convictions did not qualify as predicate offenses to enhance his base offense level under U.S.S.G. § 2K2.1(a)(2). That argument is foreclosed by our recent decision in [*Jones*]."), *cert. denied*, No. 22-5427, 2022 WL 6572997 (U.S. Oct. 11, 2022); *United States v. Russey*, No. 20-6036, 2021 WL 4979819, at *3 (10th Cir. Oct. 27, 2021) ("This court has recently rejected the argument that a prior state drug offense only qualifies as a controlled substance offense under § 4B1.2(b) if the state criminalizes the same controlled substances identified in the CSA."), *cert. denied*, No. 22-5461, 2022 WL 6573175 (U.S. Oct. 11, 2022); *United States v. Ritchie*, No. 20-6069, 2021 WL 4889801, at *1 (10th Cir. Oct. 20, 2021) ("Unfortunately for Defendant, our recent decision in [*Jones*] forecloses his argument."), *cert. denied sub nom. Russey v. United States*, No. 22-5461, 2022 WL 6573175 (U.S. Oct. 11, 2022); *see also United States v. Brown*, No. CR-20-277-G, 2021 WL 5980774, at *3 (W.D. Okla. Dec. 16, 2021) ("Defendant's position therefore is foreclosed by *Jones*. The Court overrules Defendant's objection and finds that Defendant's conviction in Carter County District Court Case No. CF-2007-108 satisfies the criteria of U.S.S.G. § 4B1.2(b) and is a prior felony conviction of 'a controlled substance offense' within the meaning of U.S.S.G. § 2K2.1(a)(2).").

[2] In *Jones*, our court joined the Fourth, Seventh, Eighth, and Eleventh Circuits in holding the definition of "controlled substance" can include those substances controlled either by federal *or state* law. *See United States v. Ward*, 972 F.3d 364, 372 (4th Cir. 2020); *United States v. Ruth*, 966 F.3d 642, 654 (7th Cir. 2020); *United States v. Henderson*, 11 F.4th 713, 718 (8th Cir. 2021); *United States v. Howard*, 767 F. App'x 779, 784 n.5 (11th Cir. 2019) (unpublished). But in the Second, Fifth, and Ninth Circuits, "controlled substance" refers only to substances defined under federal law. *See United States v. Townsend*, 897 F.3d 66, 70-72 (2d Cir. 2018); *United States v. Gomez-Alvarez*, 781 F.3d 787, 793-94 (5th Cir. 2015); *United States v. Bautista*, 989 F.3d 698, 702 (9th Cir. 2021). The Sixth Circuit has been on both sides of this issue. *Compare United States v. Pittman*, 736 F. App'x 551, 553 (6th Cir. 2018) (unpublished) (finding the term "controlled substance" in U.S.S.G. § 4B1.2(b) to be defined by the Controlled Substances Act), *with United States v. Smith*, 681 F. App'x 483, 489 (6th Cir. 2017) (unpublished) ("[T]here is no requirement that the particular controlled substance underlying a state conviction also be controlled by the federal government . . . .").

location of the sentencing court. Yet the Supreme Court, practicing a sort of sentencing-guidelines abstention, has refused to weigh in.[3]

Since this court denied *en banc* rehearing in *Jones*, the Senate confirmed a full slate of bipartisan Commissioners, allowing the Sentencing Commission to operate with a quorum for the first time in several years. Press Release, *Acting Chair Judge Charles Breyer, Incoming Chair Judge Carlton W. Reeves Applaud Senate Confirmation of New Commissioners*, U.S. Sentencing Commission (Aug. 5, 2022), https://www.ussc.gov/about/news/press-releases/august-5-2022. Among its policy priorities for the next amendment cycle, the Sentencing Commission has identified "[c]ontinuation of its multiyear work on § 4B1.2." *See* Proposed Priorities for Amendment Cycle, 87 Fed. Reg. 60,438 (Oct. 5, 2022). The Sentencing Commission hopefully will address the meaning of a "controlled substance offense" in § 4B1.2(b) and clarify federal law supplies the definition to a federal sentencing enhancement.

---

[3] The Supreme Court denied certiorari in *Jones*. *United States v. Jones*, 15 F.4th 1288 (10th Cir. 2021), *cert. denied*, No. 22-5342, 2022 WL 4657048 (U.S. Oct. 3, 2022). In several of the subsequent cases foreclosed by *Jones*, certiorari was also sought and denied. *See supra* note 1.

3